**SO ORDERED.**

**SIGNED this 06th day of May, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br>JOSE FLORES, JR.<br>*DEBTOR* | BANKR. CASE NO.<br>07-52684-LMC<br>CHAPTER 7 |
| DEENNA RAE JENSEN<br>*PLAINTIFF*<br>V.<br>JOSE FLORES, JR. AND<br>EJ CUSTOM CONSTRUCTION, INC.<br>*DEFENDANTS* | ADV. NO. 08-5009-LMC |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

CAME ON for consideration a Motion to Dismiss (the "Motion") filed by the above-named debtor and co-defendant EJ Custom Construction, Inc. ("EJCC"). (Doc. #7). The defendants assert five grounds to dismiss all or portions of the plaintiff's complaint, none of which this court deems to have merit. For the following reasons, the court denies the Motion.

***The Court Has Jurisdiction over EJCC and the Claims Asserted Against It.***

The debtor's first ground for dismissal is that this court lacks subject matter jurisdiction and personal jurisdiction over EJCC. His rationale for both contentions is that EJCC is not a debtor and so, according to the debtor, none of the dischargeability claims asserted by the plaintiff can apply to the non-debtor entity. The debtor is wrong on both accounts. This court has subject matter jurisdiction over the plaintiff's *claims* because they arise under title 11 — they are dischargeability claims under chapters 5 and 7 of title 11. 28 U.S.C. § 1334(b); 11 U.S.C. §§ 523(a), 727(a). What the debtor apparently means to argue is that a discharge cannot affect the liability of a non-debtor entity. *See* 11 U.S.C. § 524(e) ("Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity, for such debt."). Granted, section 524(e) may have the effect of restricting this court's authority to enter a discharge order purporting to affect EJCC's liability on the debtor debt to the plaintiff. But whatever restrictions section 524(e) places on this court's orders has no effect on this court's subject matter jurisdiction. *See Republic Supply Co. v. Shoaf (In re Shoaf),* 815 F.2d 1046, 1052 (5th Cir. 1987) (citing *Stoll v. Gottlieb,* 305 U.S. 165, 169 n.8, 59 S.Ct. 134, 136 n.8, 83 L.Ed. 104 (1938)). In all events, the debtor's contention is without merit in light of the plaintiff's alter ego claim. That is to say, the plaintiff is not objecting to the discharge of EJCC's debts. She is objecting to the discharge of debts owed by the debtor which he incurred directly or through his alter ego. If the plaintiff's allegations are correct, then the court may ignore the corporate fiction and treat EJCC as the debtor's "other self." Actions of the debtor's "other self" may be imputed on the debtor for the purposes of determining dischargeability of the debtor's debts. *See Kendall v. Turner (In re Turner),* 335 B.R. 140, 148 (Bankr. N.D. Cal. 2005) (Tchaikovsky, J.) (sustaining an objection to

discharge under section 727(a)(2)(A) where the debtor, through his alter ego, fraudulently transferred property to his spouse within one year of the petition date); *see also Freelife Int'l, LLC v. Butler (In re Butler)*, 377 B.R. 895, 919-20 (Bankr. D. Utah 2006); *Dulbina of America, Ltd. v. Sklarin (In re Sklarin),* 69 B.R. 949, 954 (Bankr. S.D. Fla. 1987) (citing *In re F & C Services, Inc.,* 44 B.R. 863, 868 (Bankr.S.D.Fla.1984)); *see also Blomberg v. Riley (In re Riley),* 351 B.R. 662, 671-72 (Bankr. E.D. Wis. 2006) ("When one legal entity is but an instrumentality or alter ego of another, by which it is dominated, a court may look beyond form to substance and may disregard the theory of distinct legal entities in determining ownership of assets in a bankruptcy proceeding."); *Blomberg v. Riley (In re Riley),* 351 B.R. 662, 671-72 (Bankr. E.D. Wis. 2006). While Texas law is slightly different on this issue, as the court will discuss further below, the plaintiff has alleged sufficient facts to state a claim to hold the debtor liable for EJCC's debts.

The debtor's argument that this court lacks *personal* jurisdiction over EJCC likewise is without merit. The plaintiff alleges, and the debtor does not contest, that EJCC is a corporate entity incorporated in Texas with its principal place of business in Texas. That is more than enough to hold EJCC amenable to this court's personal jurisdiction. And, regardless of where EJCC is located, this court has original and *exclusive* jurisdiction over the debtor's ownership interest in EJCC because it is either property of the debtor or property of the estate. *See* 28 U.S.C. § 1334(e)(1); 11 U.S.C. § 541(a)(1).

*Subject Matter Jurisdiction and Res Judicata*

The debtor's next ground for dismissal is somewhat unclear. The debtor apparently contends that the state court judgment, which confirmed an arbitration award in favor of the plaintiff, acts as *res judicata* and somehow divests this court of subject matter jurisdiction over all occurrences prior

to the state judgment. All "new claims," according to the debtor, are barred by the doctrines of "res judicata, collateral estoppel, and preclusion." Motion to Dismiss ¶¶ 2-3. Of course, the debtor cites no authority for the proposition and further fails to explain how these doctrines would divest this court of subject matter jurisdiction. The principle of *res judicata* is not a matter of jurisdiction. "The doctrine of *res judiciata* contemplates, at a minimum, that courts be not *required* to adjudicate, nor defendants to address successive actions arising out of the same transaction . . . ." *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983) (emphasis added). If we expand on the debtor's argument, we see just how absurd it is. In essence, what the debtor argues is that a claim asserted in a prior action is *res judicata* and bars the current action. Continuing that logic, the court cannot rule on the merits of the current matter because another court of competent jurisdiction has already made a ruling on the merits of the same matter. The debtor's logic is sensible thus far. But if *res judicata* divested this court of subject matter jurisdiction over the plaintiff's claims, as the debtor contends, this court would also lack the authority to make that determination. Does that mean that no court could ever rule that *res judicata* bars the current action? Under the debtor's logic, the answer is yes. Surely, that cannot be right. *Res judicata* is not a matter of jurisdiction; it is a matter of judicial economics.

The debtor also argues that this court lacks jurisdiction over all claims related to the debtor's conduct before the entry of the state court's order confirming the arbitration award, and that any new claim is barred by *res judicata* based on the arbitration award (and the order confirming that award). Motion, ¶ 3. The court has already addressed the first part of this contention. The latter part of the contention is equally without merit. The "new claims" asserted by the plaintiff in her complaint cannot be barred by *res judicata* because they *could not have been* asserted in the prior arbitration

proceeding.[1] The court is well aware that the issues litigated in the prior arbitration proceeding may be factually similar to the plaintiff's allegations in the present complaint. Factual *similarity*, however, is not sufficient to apply *res judicata*. See Petro-Hunt, 365 F.3d at 396. ("As the United States correctly points out, these observations of factual similarity, although potentially relevant for purposes of collateral estoppel, are not relevant to *res judicata*."). For true *res judicata* to bar the plaintiff's claims in this action, the court must find that the plaintiff asserted, or could have asserted, the *same* claims in the prior action. *See id.* Because the debtor did not file bankruptcy until after the conclusion of the arbitration proceeding, the claims asserted in this adversary proceeding — relating to the debtor's discharge — could not have been asserted in the prior litigation. Accordingly, *res judicata* does not apply.

The debtor further contends that collateral estoppel applies bars any "new claim" arising from the debtor's conduct after the entry of the judgment confirming the arbitration award. ¶ 3. The debtor's argument is misplaced, however. Collateral estoppel precludes a party from re-litigating the same *issue* where a court of competent jurisdiction has already decided that issue.[2] If it is the

---

[1] The test for *res judicata* in the Fifth Circuit has four elements: (1) the parties are identical or are in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir.2004)). The doctrine applies equally with respect to a final judgment confirming an arbitration award. *See Myer v. Americo Life, Inc.,* 469 F.3d 731, 733 (8th Cir. 2006) (applying Texas law to find that *res judicata* barred re-litigation of the subject of a final judgment confirming an arbitration award); *see also Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.,* 138 F.3d 160, 166-67 (5th Cir. 1998) (concluding that a party who did not participate in the arbitration process was nevertheless bound by its award where the non-participating parties had "related and congruent interests" with the participating parties) (citing *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 155 (3d Cir. 1993); *Cecil's, Inc. v. Morris Mech. Enters., Inc.,* 735 F.2d 437, 439-40 (11th Cir. 1984); *In re Oil Spill by the "Amoco Cadiz",* 659 F.2d 789, 795-96 (7th Cir. 1981)). All four elements must be met if *res judicata* is to bar the current action.

[2] The elements of collateral estoppel are that: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Petro-Hunt,* 365 F.3d at 397 (citing *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 868 (5th Cir. 2000)).

debtor's contention is that the plaintiff may not assert any *claims* based on conduct occurring after the order confirming the arbitration award, that argument must fail as a matter of law. Collateral estoppel does not bar successive claims, it bars successive litigation over the same issue. If it is the debtor's contention that collateral estoppel precludes the plaintiff from re-litigating any *issue* arising from the debtor's conduct *after* the conclusion of the arbitration proceeding, that argument must also fail as a matter of law. If the debtor's alleged conduct did not occur until *after* the matters were decided by the arbitrator, the plaintiff could not have litigated, and the arbitrator could not have ruled on, those legal or factual issues until now.

### *The Plaintiff Has Stated a Claim Based on Fraudulent Conduct.*

The debtor's third ground for dismissal is that the arbitration award contains no specific finding of fraud, nor does the order confirming that award. Motion, ¶ 4.[3] Without a specific finding, the debtor argues, the plaintiff fails to state a fraud claim upon which relief may be granted. The court finds this argument to be misplaced as well. While the plaintiff alleges that a prior arbitration award made sine findings of fraud, she does not rely on the findings of that arbitration award to state her claims. Instead, the plaintiff sets forth allegations that may have been the subject of the dispute before the arbitration award. Having laid out these allegations, the plaintiff requests the denial of debtor's discharge or a declaration that certain debts are non-dischargeable. While it may be the case that the underlying facts which form the basis of the plaintiff's complaint were litigated during the prior arbitration proceeding,[4] the court finds that, even if we ignore that award, the plaintiff has set

---

[3] This contention is either confused or disingenuous, because the debtor contends only two paragraphs below that the arbitration award *did* make a finding of fraud.

[4] On this ground to dismiss, the debtor does not argue *res judicata* or collateral estoppel. Accordingly, the court will not address whether those doctrines apply in this context.

forth sufficient allegations in her complaint to state a claim upon which relief may be granted. That is to say, regardless of what findings were made in the arbitration award, the court finds that the plaintiff has alleged a *prima facie* case for denying the debtor's discharge or declaring the debts to be non-dischargeable.

*Veil Piercing and Alter Ego Claims*

The debtor's fourth ground for dismissal is a specific request to dismiss the plaintiff first cause of action, an alter ego claim. The debtor asserts two arguments for dismissing this claim. The first argument is that the complaint does not state a claim upon which relief may be granted. The second argument is that collateral estoppel, or issue preclusion, bars this claim because it could have been, but was not, raised during the arbitration proceeding.

The first part of these arguments is without merit. The plaintiff alleges in her complaint that the debtor used EJCC to perpetuate an actual fraud on the plaintiff. She further alleges that the debtor personally benefitted from this fraud. These allegations, alone, are sufficient to hold the debtor individually liable for EJCC's contractual debts under a veil piercing theory. *See generally Cadle Co. v. Brunswick Homes, LLC (In re Moore),* 379 B.R. 284, 291 (Bankr. N.D. Tex. 2007). It is unclear from the complaint whether the plaintiff seeks to hold the debtor liable for EJCC's debt,[5] whether the plaintiff seeks to reach EJCC's corporate assets to satisfy her judgment against the debtor,[6] or whether the plaintiff literally seeks to disregard the corporate fiction and to treat EJCC's

---

[5] The plaintiff alleges that she holds a judgment against both the debtor and EJ, jointly and severably. She further alleges that EJ is now defunct and so she seeks to hold the debtor accountable for the judgment

[6] This theory is commonly known a "reverse piercing" and widely recognized by the Fifth Circuit. *See, e.g., Schimmelpenninck v. Byrne (In re Schimmelpenninck),* 183 F.3d 347, 360 (5th Cir. 1999).

actions as the debtor's own actions.[7] In all events, under the right circumstances, the law supports all three, and the plaintiff has alleged the circumstances which, if proven, would entitle her to the relief requested.

The debtor's alternative contention that collateral estoppel precludes an alter ego claim also fails. The debtor has not established what issues were presented to the arbitrator in the prior proceeding. There is, therefore, at least a genuine issue of material fact which requires additional proof — that is, the court must consider some evidence on what issues were litigated and decided in the arbitration proceeding. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Implicit in the debtor's argument is that the plaintiff cannot collaterally attack her own judgment by disregarding the corporate fiction and suing EJCC too when she had the opportunity to do so before. First, this argument is one for *res judicata*, not collateral estoppel. Second, an alter ego claim is not an independent claim, but simply a means of enforcing a claim or judgment. *See Matthews Construction Co. v. Rosen,* 796 S.W.2d 692, 694 (Tex. 1990) (holding that a subsequent action to enforce a prior judgment against an alter ego was not barred by *res judicata*). And finally, the plaintiff alleges that she holds a judgment against both the debtor *and* EJCC, jointly and severably. According to the complaint, then, the plaintiff *did* sue and obtained a judgment against EJ. Taking this allegation as true, the plaintiff's alter ego claim or remedy is not barred by *res judicata* or collateral estoppel. *See id.*.

---

[7] *See, e.g., Kendall v. Turner (In re Turner),* 335 B.R. 140, 148 (Bankr. N.D. Cal. 2005) (finding that the debtor, through his corporate entity, under an alter ego theory, had made fraudulent transfers).

*The Converse of Collateral Estoppel*

Rather than attempting to paraphrase the debtor's final ground for dismissal, it is better to provide the debtor's full argument:

> V. Motion to Dismiss All Claims Related to Fraud Asserted Under 11 U.S.C. § 523
> 6. There is a finding at Paragraph 14 in the Award of Arbitration concerning "fraud and/or a violation of the Texas Deceptive Trade Practices Act." This finding appears to be based upon spoliation, and any finding of fraud rendered is also specifically based upon a "preponderance of the evidence" standard. Because Texas law requires a specific finding of fraud, and further that fraud be found by "clear and convincing evidence," the Judgment and incorporated findings of the arbitrator do not constitute findings of fraud sufficient to bar a discharge of debtor or debt. Because any further consideration of the issue of fraud is barred by the doctrines of collateral estoppel and res judicata, all claims concerning dischargeability as related to fraud under 11 U.S.C § 523 must be dismissed under Rule 12(b)(6) for failure to state a claim.

Motion, ¶ 6. Once again, the debtor presents matters beyond the pleading and asks this court to rule as a matter of law. Treating this motion as one for summary judgment, the court must deny the debtor's request because there remain genuine issues of material fact with regard to the specific findings of the arbitrator. *see* Fed. R. Civ. P. 12(d), 56(d)(1). Furthermore, regardless of the proof required for a civil fraud cause of action under Texas law, non-dischargeability claims under section 523(a) require proof by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 290, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). And, despite the elemental differences between civil fraud claims under state law and non-dischargeability claims under section 523(a), a prior state court judgment finding the debtor liable for fraud may act as offensive or defensive collateral estoppel in a subsequent action before the bankruptcy court. *See RecoverEdge L.P. v. Pentecost,* 44 F.3d 1284, 1293 (5th Cir. 1995) ("Viewed in the abstract, the elements of nondischargeability under §

523(a)(2)(A) are sufficiently distinct from the elements of civil conspiracy to defraud to suggest that a jury verdict in a conspiracy to defraud case would not ordinarily preclude a determination of nondischargeability under § 523(a)(2)(A). We therefore agree with RecoverEdge that the traditional elements of nondischargeability under § 523(a)(2)(A) are not identical to the elements of a civil conspiracy to defraud. *However, we do not compare the issues in the abstract, and in this case, the specific nature of the RTC's nondischargeability claim against Carpenter has made what might otherwise be distinct issues identical.*") (emphasis added). In this case, the debtor argues the converse of *RecoverEdge* — that is, the debtor contends that *absence* of a specific finding of fraud in the arbitration award precludes the plaintiff from re-litigating the fraud issue under section 523(a)(2)(A). The debtor's logic, however, is severely flawed.[8] Collateral estoppel can only apply if the arbitration award *did* make a specific finding and that finding was necessary to the judgment or award.[9] If the debtor is correct that the arbitration award contains no specific finding of fraud, it does not follow that the plaintiff is precluded from presenting her case for fraud; it only means that she may not apply offensive collateral estoppel to preclude the debtor from defending the issue. The court, however, does not reach the issue at this time in light of the remaining fact issues.

---

[8] The fallacy of the debtor's logic is best analogized as follows: If this court resides in San Antonio and San Antonio is the capital of Texas, then this court must reside in Texas. It turns out that this court *does* reside in San Antonio, but that San Antonio is not the capital of Texas. Under the debtor's logic, this court could not reside in Texas. But that is an absurd conclusion because we know that San Antonio does not have to be the capital of Texas for it to reside in Texas. Likewise, the plaintiff may establish fraud under section 523(a) without the application of collateral estoppel.

[9] The plaintiff may use a specific finding of fraud against the debtor as collateral estoppel, if she is able to show that the prerequisites of collateral estoppel are met. And the debtor may use collateral estoppel defensively, *if* he proves that the arbitration panel *actually decided* the fraud issue in his favor.

## Conclusion

Having considered the debtor's Motion to Dismiss, the court finds the debtor's grounds for dismissal to be without merit. It is therefore ORDERED that the Motion is DENIED in all parts.

# # #